## LYMAN SAWYER, Petitioner, &c. *versus* CALVIN MERRILL.

In trespass against two, who severally plead the general issue, it is a matter of discretion with the court, to permit one to be tried before the other, in order that if acquitted he may be a witness.

If two defendants in trespass are tried together, and one is acquitted and the other convicted, a new trial cannot be granted as to the one convicted, in order that he may have the benefit of the other's testimony, for the verdict cannot be set aside as to one, without being set aside as to both.

THE petitioner represented, that an action of trespass was brought against himself and Nahum Bryant by Calvin Merrill, for taking a quantity of hay which Merrill claimed to have attached as a deputy sheriff, on a writ against one Smith ; that the cause was submitted to a jury at September term 1829, in Franklin county, upon the general issue, severally pleaded by the defendants, and the jury returned a verdict convicting the petitioner and acquitting Bryant ; that before Merrill's attachment, the petitioner, as a deputy-sheriff, had attached the same property on a writ against Smith, in the presence and with the knowledge of Bryant, and appointed him the keeper thereof, but that as there was some evidence at the trial that Bryant participated with the petitioner in removing the hay after Merrill's attachment, the judge refused to discharge Bryant, or to permit the issue as to him to be tried first and separately, so that the petitioner was prevented from using Bryant as a witness on the trial of the issue as to the petitioner. Wherefore the petitioner prayed that a new trial might be granted as to him, in order that he might have an opportunity of availing himself of the testimony of Bryant, for the purpose of proving the prior attachment made by the petitioner.

*Sept. 28th.*    Bryant, being now sworn, testified that before Merrill's attachment, he went with the petitioner into the barn where the hay was, and that the petitioner attached it and appointed the witness a keeper of it. On cross-examination he answered that he did not see the petitioner touch the hay, but that the petitioner said he attached it.

*Bigelow* and *Brooks*, for the petitioner, considered this application as similar to a petition for a new trial on the ground

of newly discovered evidence. They cited Bul. N. P. 285, 286 ; 2 Stark. Ev. 766, 767 ; *Rex* v. *Mawbey*, 6 T. R. 638 ; *Church* v. *De Wolf*, 2 Root, 282.

*J. H. Ashmun, contrà.* There has been no discovery of evidence since the trial. The petitioner was prevented by the rules of law from using the testimony of Bryant at the trial, and he must now ask the Court to set aside those rules. It is a universal rule, that a party to the record, even though not interested, cannot be a witness unless by consent. *Nason* v. *Thacher*, 7 Mass. R. 398 ; *Fox* v. *Whitney*, 16 Mass. R. 118 ; *Adams* v. *Leland*, 7 Pick. 62 ; *Frear* v. *Evartson*, 20 Johns. R. 142.* No case of an application like this is to be found in the books. *Currie* v. *Child*, 3 Campb. 283 ; *Raven* v. *Dunning*, 3 Esp. R. 25 ; *Schermerhorn* v. *Schermerhorn*, 1 Wendell, 119. If it prevails, then in cases of tort against numerous defendants, each may be acquitted in turn and be used as a witness in the succeeding trial, and there will be as many trials as there are defendants, in consequence of the operation of the rule of law that a party shall not be a witness.

A new trial cannot be granted in a civil case, where one defendant is acquitted and another convicted, unless it is granted as to both. *Bond* v. *Spark*, 12 Mod. 275 ; *Berrington's case*, 3 Salk. 362 ; *Parker* v. *Godin*, 2 Str. 814 ; Bul. N. P. 326 ; 2 Tidd, 819 ; 2 Dunlap's Pr. 681 ; *Rex* v. *Mawbey*, 6 T. R. 619. The verdict is an entire thing. It must be set aside wholly, if at all ; not in part only. *Edie* v. *East India Co.* 2 Burr. 1224.

*Brooks*, in reply. The witness was originally a party to the record, but upon his acquittal he ceased to be so ; he would therefore now be a competent witness. Bul. N. P. 285 ; *Ward* v. *Haydon*, 2 Esp. R. 552 ; *Chapman* v. *Graves*, 2 Campb. 334, note ; *Wakely* v. *Hart*, 6 Binney, 319.

The Court will regard the testimony of Bryant in the light of newly discovered evidence, for although it was known to the petitioner, he was deprived of the power to make use of it, through the fault of Merrill.

*Per Curiam.* On general principles, the Court doubt

---

* *Worral* v. *Jones*, 7 Bingh. 395, *contrà*.

Sawyer
*v.*
Merrill.

whether as a matter of policy and convenience an application like this ought to be granted. The petitioner would put it on the ground of newly discovered evidence ; but that is incorrect. It is the case of an incompetent witness having become competent. To grant the petition would be to make every case of a witness's becoming competent, a ground for a new trial. After a trial, it is generally easy to find some additional or cumulative evidence ; but the rule is, that there shall not be a new trial, unless it is newly discovered evidence, and to some new point or ground of action or defence, to which the evidence given on the former trial did not apply.[1]

It is not pretended in the case before us, that the petitioner was not aware, at the time of the trial, of the evidence of which he now seeks an opportunity to avail himself upon a new trial.

A party to the record cannot be a witness for a co-defendant ;[2] but in an action of tort against several the court may direct the trial of one of them first, when it appears that there is no substantial evidence against him, and if acquitted he may be a witness for the other defendant.[3] Whether such course shall be pursued, must necessarily be a question to the discretion of the judge at nisi prius.

But a decisive reason against granting this application is, that upon a new trial, the petitioner could not avail himself of the testimony in question. If the verdict is set aside, the case must come to trial just as it did before, against both of the defend-

---

[1] See *Warren* v. *Hope*, 6 Greenleaf, 479 ; *Alsop* v. *Commercial Ins Co.* 1 Sumner, 476; *Ames* v. *Howard,* 1 Sumner, 490, 491 ; *People* v. *Sup Court of N. York,* 10 Wendell, 285 ; *Bullock* v. *Beach,* 3 Vermont R. 73 ; *Reed* v. *M' Grew,* 5 Hammond, 386 ; *Gardner* v. *Mitchell,* 6 Pick. (2d ed.) 115, note.

[2] See 2 Stark. Ev. (5th Am. ed.) 581 ; *Blackett* v. *Weir,* 5 Barn. & Cressw. 385 ; *Bates* v. *Conkling,* 10 Wendell, 389 ; *Van Norden* v. *Striker,* 9 Wendell, 286; *Gilmore* v. *Bowden,* 3 Fairfield, 412 ; *Columbian Manuf.Co.* v. *Dutch,* 13 Pick. 127 ; *Vinal* v. *Burrill,* 18 Pick. 29 ; *Johnson* v. *Blackman,* 11 Connect. R. 342; *Hoak* v. *Hoak,* 5 Watts, 80 ; *Williams* v. *Beard,* 3 Dana, 158 ; *Commonwealth* v. *Marsh, post,* 57, 58

[3] It is in general true, in actions of tort, that when the plaintiff has closed his case, if no evidence has been produced against any particular defendant, he may be discharged by a verdict in his favor, and then he may be a witness for his co-defendants. *Bates* v. *Conkling,* 10 Wendell, 389 ; *Van Dusen* v. *Van Slyck,* 15 Johns. R. 223 ; *Brown* v. *Howard,* 14 Johns. R. 122 ; *Elwell* v. *Martin,* Ware, 53.

ants.  This rule is clear in civil actions.  Bac. Abr. *Trial, L* ;   Sawyer
2 Dunlap's Pr. 681.   The Court think it is the proper rule,   *v.*
and if this verdict should be set aside, Bryant would be put on   Merrill
his trial again, after having been acquitted.   There is one case
where of three defendants in an action of trespass, two were
acquitted and the third convicted, and a new trial was granted ;
but this was with the consent of those who were acquitted.
*Leroux's case*, cited 6 T. R. 625, 626.

*Petition dismissed.*